# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
### No. 25-2074

| | | |
|---|---|---|
| YINNV LIU, | ) | |
| Plaintiff - Appellee | ) | |
| | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| v. | ) | District of Illinois, Eastern |
| | ) | Division, Case No. 1:24-cv-02982 |
| The Entities and Individuals | ) | |
| Identified in Schedule A, | ) | |
| Defendants-Appellants, | ) | Judge John Robert Blakey |
| | ) | |

**Brief and Required Short Appendix of Defendants-Appellants**
**Monthly, 268 Joybuy 12573, 269 Joybuy 10253, 272 Joybuy 7323, 273 Joybuy 8504, 279 Joybuy 12574, 288 Joybuy 12907, 289 Joybuy 12516, 293 Joybuy 12634, 295 Joybuy 7326, 296 Joybuy 12523, 298 Joybuy 12449, 301 Joybuy 12893, 338 Joybuy 12907, 339 Joybuy 12907, 340 Joybuy 12907**

Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
Telephone: (312) 715-7312

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-2074

Short Caption: Yinnv Liu v. Monthly, et al

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

      [ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Monthly, 268 Joybuy 12573, 269 Joybuy 10253, 272 Joybuy 7323, 273 Joybuy 8504, 279 Joybuy 12574,

288 Joybuy 12907, 289 Joybuy 12516, 293 Joybuy 12634, 295 Joybuy 7326, 296 Joybuy 12523, 298 Joybuy 12449

301 Joybuy 12893, 338 Joybuy 12907, 339 Joybuy 12907, 340 Joybuy 12907

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

AU LLC

(3)     If the party, amicus or intervenor is a corporation:

     i)      Identify all its parent corporations, if any; and

        N/A

     ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /Adam E. Urbanczyk/      Date: 2024/08/21

Attorney's Printed Name: Adam E. Urbanczyk

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [✓]   **No** [ ]

Address: AU LLC 444 W Lake St 17th Floor

Chicago, IL 60606

Phone Number: (312) 715-7312      Fax Number:

E-Mail Address: adamu@au-llc.com

# Table of Contents

|  |  |  |  |
|---|---|---|---|
|  |  | Table of Authorities | ii |
|  |  | Jurisdictional Statement | 1 |
|  |  | Statement of Issues Presented for Review | 2 |
|  |  | Statement of the Case | 2 |
|  |  | Summary of the Argument | 4 |
|  |  | Argument | 7 |
| I. |  | Standard of Review | 7 |
| II. |  | The default judgment is void because Appellants lacked sufficient minimum contacts with Illinois to support the district court's exercise of personal jurisdiction over Appellants. | 8 |
|  | a | Appellants did not purposefully direct their allegedly-infringing activities to Illinois or purposefully avail themselves of the privilege of conducting business in Illinois. | 9 |
|  | b. | Appellee's alleged injury did not arise out of Appellant's activities in Illinois. | 19 |
| III. |  | The default judgment is void because as a result of insufficient service of process | 21 |
|  |  | Conclusion | 29 |
|  |  | Certificate of Compliance with Cir. R. 30(d) | 30 |
|  |  | Certificate of Service | 31 |

**Cases**

Ackourey v. Sonellas Custom Tailors, 573 F. App'x 208 (3d Cir. 2014) ................................18

Admar Int'l, Inc. v. Eastrock, L.L.C., 2020 WL 6880966 (W.D. La. Oct. 23, 2020) ............18

Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796 (7th Cir. 2014)
................................................................................................................11, 12, 20

Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations
Identified on Schedule A, 192 F. Supp. 3d 924 (N.D. Ill. 2016) ........................................12

B.D. by & through Myer v. Samsung SDI Co., 91 F.4th 856 (7th Cir. 2024)........................19

be2 LLC v. Ivanov, 642 F.3d 555 (7th Cir. 2011) ................................................ 11, 17

Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255 (2017) ...19

Broadway Pine Brands LLC v. oatslikeme, 2023 WL 9067377 (W.D. Pa. Oct. 11, 2023)....................27

Cardenas v. City of Chicago, 646 F. 3d 1001 (7th Cir. 2011)...............................................21

Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2024
WL 4604532 (N.D. Ill. Oct. 29, 2024)......................................................................20

Curry v. Revolution Lab'ys, LLC, 949 F.3d 385 (7th Cir. 2020)...................................... 15, 16

Durukan Am., LLC v. Rain Trading, Inc., 787 F.3d 1161 (7th Cir. 2015) ....................... 9, 21

Est. of Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d 514 (D. Md. 2003) ........................19

Expeditee LLC v. Entities Listed on Exhibit 1, 2022 WL 1556381 (N.D. Ill. May 17, 2022) ............12

Felland v. Clifton, 682 F.3d 665 (7th Cir. 2012)..............................................................8

Fidrych v. Marriott Int'l, Inc., 952 F.3d 124 (4th Cir. 2020)..........................................12

Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351 (2021) .................................19

Golub v. United States, 593 F. App'x 546 (7th Cir. 2014)..................................................22

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011) .............................20

Higgason v. Autterson, 49 F. App'x 73 (7th Cir. 2002) .....................................................21

Hill v. Baxter Healthcare Corp., 405 F.3d 572 (7th Cir. 2005).........................................7

Homer v. Jones-Bey, 415 F.3d 748 (7th Cir. 2005) .................................................. 24, 25

Illinois v. Hemi Grp. LLC, 622 F.3d 754 (7th Cir. 2010) ....................................... 11, 13, 14, 16

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).................................................8

Jennings v. AC Hydraulic A/S, 383 F.3d 546 (7th Cir. 2004)............................................12

Johnson v. Arden, 614 F.3d 785 (8th Cir. 2010) .............................................................18

Johnson v. TheHuffingtonPost.com, Inc., 21 F.4th 314 (5th Cir. 2021) ..............................20

KTM AG v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and
Unincorporated Associations Identified on Schedule A Hereto, 21-cv-02732 [Dkt. 82] (N.D. Ill.
Mar. 9, 2022)..................................................................................................28

MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008)........28

Matlin v. Spin Master Corp., 921 F.3d 701 (7th Cir. 2019) ...................................15, 17, 20

MD, LLC v. Partnerships & Unincorporated Associations Identified in Schedule "A", 2024 WL
3549571 (N.D. Ill. June 14, 2024)............................................................................26

Mercis, B.V. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated
Associations Identified on Schedule A Hereto, 2024 WL 5440025 (N.D. Ill. Nov. 18, 2024) ........17

Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991) .............................21

Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) ...................................................................................... 8, 11

MSM Design & Eng'g LLC v. Partnerships & Unincorporated Associations Identified in Schedule "A", 2021 WL 3187706 (N.D. Ill. July 28, 2021) .......................................................17

Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ...............................28

NBA Props., Inc. v. HANWJH, 46 F.4th 614 (7th Cir. 2022).........................................................7

Nelson v. L.A. Weaver Co., 2005 WL 8162752 (D. Minn. June 27, 2005) ......................................19

NexLearn, LLC v. Allen Interactions, Inc., 859 F.3d 1371 (Fed. Cir. 2017) ........................................18

Norrell v. Does 1-133, 2023 WL 6892026 (W.D. Tex. Oct. 19, 2023)............................................27

O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394 (7th Cir. 1993)....................................22

Philos Techs., Inc. v. Philos & D, Inc., 645 F.3d 851 (7th Cir. 2011) ........................................7

Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co., 2024 WL 5039888 (N.D. Ill. Dec. 9, 2024) .........20

Price v. Wyeth Holdings Corp., 505 F.3d 624, 631 (7th Cir. 2007)...........................................7

Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003) ................. 8, 9

Relational, LLC v. Hodges, 627 F.3d 668 (7th Cir. 2010)..............................................9, 21, 22

Rodd v. Region Const. Co., 783 F.2d 89 (7th Cir. 1986)..........................................................7

Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2021 WL 825668 (N.D. Ill. Mar. 4, 2021).......................................................12, 17, 21

Sun Chenyan v. P'ships & Unincorporated Assocs. Identified on Schedule "A", 2021 WL 1812888 (N.D. Ill. May 6, 2021) ..................................................................................13

Unicolors, Inc. v. Shewin Flagship Shops, 2024 WL 4567268 (N.D. Ill. Oct. 24, 2024).....................13

United States v. 8136 S. Dobson St., Chicago, Ill., 125 F.3d 1076 (7th Cir. 1997) ...............................1

United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir. 1995)...................................................................................28

United States v. Indoor Cultivation Equipment From High Tech Indoor Garden Supply, 55 F.3d 1311 (7th Cir.1995) .....................................................................................29

Utz Quality Foods, LLC v. Dirty S. BBQ Co., LLC, 2020 WL 4334903 at *3 (E.D. Pa. July 28, 2020) ..............................................................................................................18

## Statutes

28 U.S.C. § 1292.............................................................................................................1

28 U.S.C. § 1331.............................................................................................................1

28 U.S.C. § 1338.............................................................................................................1

## Jurisdictional Statement

### Jurisdiction of the District Court

The District Court for the Northern District of Illinois has jurisdiction over this action under 15 U.S.C. § 1051 and 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), (b) because the Complaint raised a federal question and asserts claims arising under the Lanham Act.

### Jurisdiction of the Seventh Circuit Court of Appeals

This Court has jurisdiction over this appeal pursuant to 28 U.S.C § 1291. The district court entered a default judgment order on August 7, 2024. [Dkt. 68]. Appellants moved to vacate the default judgment order on January 6, 2025. [Dkt. 75]. The district court denied Appellants' motion to vacate the default judgment order on May 21, 2025. [Dkt. 81]; (RA65). Appellants timely appealed on June 19, 2025. [Dkts. 82 and 83]. The United States Court of Appeals for the Seventh Circuit therefore has jurisdiction over this appeal under 28 U.S.C. § 1291. *See,* United States v. 8136 S. Dobson St., Chicago, Ill., 125 F.3d 1076 (7th Cir. 1997) (explaining that 28 U.S.C § 1291 provides this Court with jurisdiction over an appear related to the denial of a Fed. R. Civ. P. 60(b) motion).

## Statement of Issues Presented for Review

1. Did the district court err as a matter of law by denying Appellants' motion to vacate the default judgment under Rule 60(b)(4) for lack of personal jurisdiction where Appellants were based in China and had no voluntary contacts with the state of Illinois and merely operated online e-commerce storefronts that offered to sell the accused products that were accessible in Illinois, where there was no evidence of any interaction between Appellants' and Illinois customers related to the accused product listings, and where Appellants submitted unrebutted sales records supported by declarations showing that no Illinois resident had placed an order on Appellants' e-commerce storefronts for the accused product and showing that Appellants did not sell or ship a single accused product to Illinois?

2. Did the district court err as a matter of law by denying Appellants' motion to vacate the default judgment under Rule 60(b)(4) for insufficient service of process where Appellee's return of service did not state the e-mail addresses which were served and where Appellants submitted declarations supported by facts showing that Appellants never received the service emails?

## Statement of the Case

The district court entered a default judgment order on August 7, 2024. [Dkt. 68]. Appellants moved to vacate the default judgment order on January 6, 2025, arguing that the default judgment was void because Appellants lacked sufficient minimum contacts with Illinois to support the district court's exercise of personal jurisdiction over Appellants and was void because Appellants were not properly served with process. [Dkt. 75]. In support of Appellants' motion to vacate, Appellants submitted sales records of the accused products supported by declarations which showed that Appellants did not receive a single order of the accused product from an Illinois website through their e-commerce storefronts and did not sell or ship a single accused product to Illinois. (RA 3-4, 6-26, 47, 49-52). Moreover, certain Appellants' declaration made clear that they never received

Plaintiff's service emails in the current case. (RA 4). The district Court denied Appellants' motion to vacate the default judgment and stated that "[Appellants] offer no factual basis to revisit [the district court's] prior findings" that personal jurisdiction was proper based upon "[Appellants]' maintenance of interactive websites and sales to customers within the State of Illinois," and no factual basis to revisit the district court's finding that "electronic service of process sufficed." (RA 65).

## Summary of the Argument

The district court should have granted Appellants' motion to vacate the default judgement since Appellants clearly showed that the default judgment was void because Appellants lacked sufficient minimum contacts with Illinois to support the district court's exercise of personal jurisdiction over Appellants and was void because Appellants were not properly served with process. In the District Court's minute entry denying Appellants' motion to vacate, the District Court rejected Appellants argument that the district court lacked personal jurisdiction over Appellants, and noted that the district court "previously held otherwise, finding personal jurisdiction based upon Defendants' maintenance of interactive websites and sales to customers within the State of Illinois." (RA 65). The district court's previous holding, cited in a minute entry, in which it found personal jurisdiction over Appellants concluded that the district had personal jurisdiction over Appellants because "[Appellants] are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Online Stores through which Illinois residents can and do purchase products using and bearing spurious versions of the 'Plaintiff Mark.'" (RA109-110). The District Court's minute entry denying Appellants' motion to vacate also stated that "[Appellants] offer no factual basis to revisit those prior findings." (RA 65). However, this is false, and Appellants submitted sales records of the accused products supported by declaration along with their motion to vacate the default judgment which clearly showed that Appellants did not sell or ship a single allegedly infringing product to Illinois or this judicial district, a fact which was not disputed or rebutted by Plaintiff-Appellee and which this Court should accept as true. (RA 3-4, 6-26, 47, 49-52). Accordingly, the district court's assertion in the minute entry denying Appellants' motion to vacate the default judgment stating that "[Defendant-Appellants] offer no factual basis to revisit those prior findings" that personal jurisdiction was proper is plainly erroneous and ignores the undisputed sales

records supported by declaration submitted by Appellants showing that they made no sales of the accused products into Illinois.

It is well-settled that a defendant is not subject to the personal jurisdiction of a court simply because the defendant owns or operates a website that is accessible in the forum state. Rather, the defendant must in some way target the forum state to be subject to the personal jurisdiction of the state. Critically, Appellants did not "knowingly do business" with Illinois residents and never accepted an order for the accused product from an Illinois resident or shipped the accused product to an Illinois resident after an order was placed on Appellants' e-commerce storefronts or elsewhere. In fact, Appellants never even received an order for the accused product from an Illinois resident on their online storefronts that they could have, theoretically, accepted and fulfilled; thus, Appellants necessarily could not have "knowingly" done business with Illinois residents for any suit-related products. The evidence shows that no Illinois resident ever placed an order for the accused products and there is no evidence of any interaction whatsoever between Appellants' and customers with Illinois addresses related to the accused product listings, thus, with zero actual sales or purposeful actions directed at Illinois, Appellants have shown that they did not purposefully avail themselves of the jurisdiction of the state of Illinois and the default judgment is thus void and should be vacated.

Moreover, Appellants have shown that the default is void because Appellants were never properly served with process. In the current case, Appellee's return of service certified that "[o]n June 17, 2024, the undersigned served via email to the addresses provided by the platforms with a link that contains the Complaint, Summons, the Preliminary Injunction Motion and Notice, and all other court filings." (RA 2). Notably, however, this barebones return of service did not state the e-mail address to which the service emails were sent and does not satisfy Appellee's burden of establishing legally sufficient service of process. Moreover, even if did, Appellants submitted an unrebutted affidavit supported by facts stating that they never received the service emails, which is

sufficient in the current circumstances to rebut any presumption of service afforded to Appellee's barebones return of service. (RA 4). Accordingly, the district court's assertion in the in its minute entry denying Appellants' motion to vacate the default judgment stating that "[Defendant-Appellants] offer no factual basis to revisit th[e] prior finding[]" that service was proper is plainly erroneous and completely ignores the declaration submitted by Appellants showing that they never received Plaintiff's service emails. (RA 65). Appellants have sufficiently shown that they did not receive any service emails from Appellee and that Appellants were never properly served with process, thus the default judgment is void and should be vacated.

<h1 style="text-align:center">Argument</h1>

## I. Standard of Review

This Court exercises *de novo* review over the district court's denial of Appellants' Rule 60(b)(4) motion, which asserted that the default judgment is legally void for lack of personal jurisdiction for improper service and lack of sufficient minimum contacts. Philos Techs., Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th Cir. 2011) (stating that "[a] court has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking" and noting that "[w]e see no reason to treat a lack of jurisdiction caused by the improper service of process any differently from a lack of jurisdiction caused by the defendant's lack of sufficient minimum contacts with the forum."); Hill v. Baxter Healthcare Corp., 405 F.3d 572, 575-76 (7th Cir. 2005) ("Although we generally review Rule 60(b) decisions for abuse of discretion, we review challenges to Rule 60(b)(4) decisions de novo to the extent they turn on errors of law."); Price v. Wyeth Holdings Corp., 505 F.3d 624, 631 (7th Cir. 2007) ("Although relief under Rule 60(b) is subject to review for abuse of discretion, if a judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment.") (internal citations omitted); *see also* NBA Props., Inc. v. HANWJH, 46 F.4th 614, 620 (7th Cir. 2022) ("We review a district court's determination of personal jurisdiction de novo."). Moreover, there is no time limit for bringing a motion under Rule 60(b)(4), and "[i]f the court lacks personal jurisdiction over the [defendants], the underlying judgment is void regardless of the amount of time that passes between entry of the judgment and the motion to vacate." Rodd v. Region Const. Co., 783 F.2d 89, 91 (7th Cir. 1986); Price, 505 F.3d at 632 n. 7 (The "one-year time limitation found in Rule 60(b)…only applies to relief based upon 60(b)(1)-(3).").

**II. The default judgment is void because Appellants lacked sufficient minimum contacts with Illinois to support the district court's exercise of personal jurisdiction over Appellants.**

Plaintiff has the burden of establishing personal jurisdiction over a defendant. <u>Tamburo v. Dworkin</u>, 601 F.3d 693, 700 (7th Cir. 2010). A district court's personal jurisdiction exists "<u>only</u> if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.</u>, 623 F.3d 440, 443 (7th Cir. 2010) (emphasis added), *quoting*, <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). Personal jurisdiction may be general or specific. <u>Purdue Research Found. v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d 773, 787 (7th Cir. 2003). Here, these is no dispute of the fact that Appellants were not subject to the general jurisdiction of the district court, but rather, the district court erroneously found that Appellants were subject to the specific jurisdiction of the district court.

A district court's finding of personal jurisdiction generally requires that: "(1) the defendant…purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." <u>Felland v. Clifton</u>, 682 F.3d 665, 674 (7th Cir. 2012). Here, Appellants did not purposefully direct their allegedly infringing activities at Illinois, none of Appellee's alleged injuries arose out of Appellants' activities in Illinois, and the district court's exercise of personal jurisdiction over Appellants does not comport with fair play and substantial justice. Sufficient minimum contacts did not exist to support the district court's exercise of specific jurisdiction over Appellants and the district court erred in finding that Appellants were subject to the district court's specific personal jurisdiction. Accordingly, the default judgement

entered against Appellants is void and it was a *per se* abuse of discretion for the district court to deny Appellants' motion to vacate. <u>Durukan Am., LLC v. Rain Trading, Inc.</u>, 787 F.3d 1161, 1163 (7th Cir. 2015), *quoting*, <u>Relational, LLC v. Hodges</u>, 627 F.3d 668, 671 (7th Cir. 2010) ("[I]f the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment.").

a. **Appellants did not purposefully direct their allegedly-infringing activities to Illinois or purposefully avail themselves of the privilege of conducting business in Illinois.**

In the District Court's minute entry denying Appellants' motion to vacate, the District Court rejected Appellants argument that the district court lacked personal jurisdiction over Appellants and noted that the district court "previously held otherwise, finding personal jurisdiction based upon Defendants' maintenance of interactive websites and sales to customers within the State of Illinois." (RA 65). The district court's previous holding finding personal jurisdiction over Appellants cited in the minute entry found that the district had personal jurisdiction over Appellants because "[Appellants] are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Online Stores through which Illinois residents can and do purchase products using and bearing spurious versions of the 'Plaintiff Mark'" (RA109-110). The District Court's minute entry denying Appellants' motion to vacate also stated that "[Appellants] offer no factual basis to revisit those prior findings." (RA 65). However, this is simply false, and Appellants submitted sales records of the accused product supported by declaration along with their motion to vacate the default judgment which clearly showed that Appellants did not sell or ship a single allegedly infringing product to Illinois or this judicial district, a fact which was not disputed or rebutted by Plaintiff-Appellee and which this Court should accept as true. (RA 3-4, 6-26, 47, 49-52); <u>Purdue Research</u>, 338 F.3d at 782, 83 ("When determining whether a plaintiff has met his burden,

jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits" and noting that "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."); NBA Props., Inc. v. HANWJH, 46 F.4th 614, 620 (7th Cir. 2022) ("The district court may consider affidavits on the issue of personal jurisdiction; both parties' affidavits are accepted as true, and where they conflict, the plaintiff is entitled to resolution in its favor."). This evidence, supported by declaration, shows that Appellants did not receive a single order of the accused product from an Illinois resident and did not sell or ship a single accused product to Illinois, which clearly contradicts the district court's previous finding that jurisdiction was proper because Appellants because they operated online e-commerce storefronts through which "***Illinois residents can and do purchase*** products using and bearing spurious versions of the 'Plaintiff Mark.'" (RA109-110) (emphasis added). Accordingly, the district court's assertion in the minute entry denying Appellants' motion to vacate the default judgment stating that "[Defendant-Appellants] offer no factual basis to revisit those prior findings" that personal jurisdiction was proper is erroneous and ignored the undisputed sales records supported by declaration submitted by Appellants showing that they made no sales of the accused products into Illinois.

Moreover, to the extent that the district court concluded that Appellants were subject to the district court's personal jurisdiction simply because Appellants operated online e-commerce storefronts that could be viewed in Illinois through which Illinois resident *could*, but did not, purchase the accused products, such activity, without any actual sale or other activity purposefully targeted at Illinois is insufficient to establish personal jurisdiction over Appellants. Critically, the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply

because the defendant owns or operates a website that is accessible in the forum state." <u>Illinois v. Hemi Grp. LLC</u>, 622 F.3d 754, 760 (7th Cir. 2010); <u>Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.</u>, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."). Moreover, this Court has made clear that "[b]eyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." <u>be2 LLC v. Ivanov</u>, 642 F.3d 555, 558-59 (7th Cir. 2011) (emphasis in original). Here, it is undisputed that Appellants' online e-commerce storefronts were accessible in Illinois, as well as everywhere else with an internet connection, however, this fact alone is insufficient to satisfy the purposeful availment requirement. Critically, there is no evidence that Appellants' storefronts targeted Illinois residents for commercial transactions any more than they targeted residents in any other state, and merely having an interactive website that is accessible in and offers shipping to the forum (as well as anywhere else with internet connection), without more, does not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. <u>Id</u>. (finding that defendant did not show that defendant deliberately targeted or exploited the Illinois market where record showed an internet printout showing 20 active users of defendant's website who listed Illinois addresses, and noting that "[e]ven if these 20 people are active users who live in Illinois, the constitutional requirement of minimum contacts is not satisfied simply because a few residents have registered accounts on be2.net."); <u>Mobile Anesthesiologists Chicago</u>, 623 F.3d at 446 (plaintiff could not establish the defendant had sufficient contacts with Illinois "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant

caused harm through that website"); *See*, <u>Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A</u>, 2021 WL 825668 at *3 (N.D. Ill. Mar. 4, 2021) ("Even accepting Rubik's premise that the screenshot shows that an order ***could*** be placed by an Illinoisan, displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction.") (emphasis in original); <u>Expeditee LLC v. Entities Listed on Exhibit 1</u>, 2022 WL 1556381 at *4 (N.D. Ill. May 17, 2022) ("displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois" and is insufficient to confer jurisdiction) (internal citations omitted); <u>Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations Identified on Schedule A</u>, 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016) ("Plaintiffs cast an extremely wide net, naming 3,343 defendants who have no connection to this state, based upon the erroneous assumption that simply alleging the existence of purported counterfeiting via an interactive website is enough, by itself, to confer personal jurisdiction. It is not."); *see also* <u>Fidrych v. Marriott Int'l, Inc.</u>, 952 F.3d 124, 141 (4th Cir. 2020) ("While Marriott obviously uses its website to engage in commercial transactions, the website does not target South Carolina residents for commercial transactions any more than it targets any other state. Instead of targeting any particular state, the website makes itself available to any one who seeks it out, regardless of where they live. In our view, the mere fact that the website is accessible in a given state does not mean that Marriott is targeting its activities at that state.").

To conclude otherwise would mean that "there is no limiting principle - a plaintiff could sue everywhere [where the interactive website was accessible]. Such a result would violate the principles on which Walden and Daimler rest." <u>Advanced Tactical Ordnance</u>, 751 F.3d at 803; <u>Jennings v. AC Hydraulic A/S</u>, 383 F.3d 546, 550 (7th Cir. 2004) ("Premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and

consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country. This scheme would go against the grain of the Supreme Court's jurisprudence which has stressed that, although technological advances may alter the analysis of personal jurisdiction, those advances may not eviscerate the constitutional limits on a state's power to exercise jurisdiction over nonresident defendants."); *See*, Sun Chenyan v. P'ships & Unincorporated Assocs. Identified on Schedule "A", 2021 WL 1812888 at *5 (N.D. Ill. May 6, 2021) (declining to find jurisdiction based on defendant's Ebay store and noting that "finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); Unicolors, Inc. v. Shewin Flagship Shops, 2024 WL 4567268 at *9 (N.D. Ill. Oct. 24, 2024) ("Viewed in the light most favorable to [Plaintiff], the record establishes only that [Defendant] has created an interactive website on Amazon.com to sell its products and that a buyer may set the "deliver to" address to an Illinois postal code. [Plaintiff] offers no limiting principle to guard against the concerns about nearly universal jurisdiction articulated repeatedly in Seventh Circuit case law on internet contacts. Accordingly, [Plaintiff] has not carried its burden to make out a prima facie case of personal jurisdiction over [Defendant]."); *C.f.* Hemi Grp., 622 F.3d at 760 ("Here, we affirm the district court's conclusion that Hemi is subject to personal jurisdiction in Illinois, not merely because it operated several 'interactive' websites, but because Hemi had sufficient voluntary contacts with the state of Illinois" ).

Seventh Circuit precedent makes clear that a defendant's mere operation of an interactive online e-commerce storefront viewable in and offers shipping to Illinois residents, without the consummation of a sale and shipment of the product to the forum or some other activity showing that a defendant ***knowingly did business*** with Illinois residents is insufficient to establish personal jurisdiction. For example, in Hemi, this Court found specific personal jurisdiction over a defendant

who "created several commercial, interactive websites through which customers could purchase [the infringing products] from [Defendant]." Hemi Grp., 622 F.3d at 758. This Court found that the Hemi defendant "held itself out as open to do business with every state (including Illinois)" and "stood ready and willing to do business with Illinois residents" through its interactive website, and ultimately found that the defendant was subject to the court's personal jurisdiction because "[Defendant], in fact, *knowingly did do business with Illinois residents*" by selling and shipping the infringing products to Illinois residents after they placed an order on defendant's interactive website. Id. at 758-59 (emphasis added). Following, this Court found that because the Hemi defendant "knowingly did do business with Illinois residents" by selling and shipping the infringing products to Illinois residents, their argument that they "did not purposefully avail itself of doing business in Illinois rings particularly hollow." Id. at 758. The Hemi Court also noted the "legitimate concern" with premising personal jurisdiction involving online contacts on a defendant's operation of an "interactive" website that is accessible in the forum state without something more, but ultimately found that personal jurisdiction was proper "not merely because [the defendant] operated several 'interactive' websites, but because [the defendant] had sufficient voluntary contacts with the state of Illinois" which included knowingly doing business with Illinois residents by selling and shipping the infringing products to Illinois residents after they placed an order on defendant's interactive website. Id. at 758-60.

Likewise, in NBA Properties, this Court noted that "specific personal jurisdiction is not established merely because the retailer's website is available in the forum," but rather "it is necessary that the retailer stand ready and willing to do business with residents of the forum *and then knowingly* do business with those residents." NBA Properties, Inc., 46 F.4th at 619 (emphasis added) (internal citations omitted). The NBA Properties Court found that the defendant knowingly did business with Illinois residents because they "filled [an] order, *intentionally shipping an infringing product to the customer's*

*designated Illinois address.*" Id. at 624 (emphasis added). The <u>NBA Properties</u> Court further made it clear that the shipment of the accused product to the forum was critical to showing that a defendant "knowingly" did business with Illinois residents, and the Seventh Circuit distinguished the case from <u>Matlin v. Spin Master Corp.</u>, 921 F.3d 701 (7th Cir. 2019) based on the shipment of the accused product into the forum. Id. at 625 ("Here, unlike <u>Matlin</u>, we are faced with a situation where an infringing product *was shipped to Illinois*, in advance of the litigation, and the listing for sale and *shipping of that product caused a likelihood of confusion for the people of Illinois.*") (emphasis added). The <u>NBA Properties</u> Court further likened the case to <u>Curry v. Revolution Lab'ys, LLC</u>, 949 F.3d 385 (7th Cir. 2020), because the defendant "both offered to ship *and in fact shipped* products to Illinois." Id. at 619 (emphasis added). The <u>Curry</u> court further noted that the act of selling and shipping the product to Illinois provided evidence that the defendant had "purposely exploited the Illinois market" and noted that the sales into Illinois distinguished the <u>Curry</u> defendant from a defendant that merely operates a website "that is accessible from, but does not target the forum state." <u>Curry</u>, 949 F.3d at 400 (noting that defendant's 767 sales and shipments of "Diesel Test of Diesel Test to Illinois residents provides solid evidence that Revolution has purposely exploited the Illinois market.") (internal citations omitted).

The Seventh Circuit has made clear that the actual reception of an order and consummation of a sale of the accused product to the forum is critical to showing that a defendant "knowingly" did business in the forum and the Seventh Circuit's rulings in <u>NBA Properties</u>, <u>Curry</u>, and <u>Hemi</u> were careful to note that jurisdiction was not proper based on the activities of the online defendant customers; rather, these decisions justified the exercise of personal jurisdiction based on the aimed actions and activities of the defendants themselves that led up to and followed the Illinois sales, including: <u>(1)</u> *creating the commercial, interactive website*; (2) *holding the website open to do business with every state, including Illinois*; and, (3) *accepting an order of the accused product from an Illinois resident and shipping the*

*accused product to Illinois*. Hemi, 622 F.3d at 758 ("Characterizing the sales as unilateral is misleading, however, because it ignores several of Hemi's own actions that led up to and followed the sales. Hemi created several commercial, interactive websites through which customers could purchase cigarettes from Hemi. Hemi held itself out as open to do business with every state (including Illinois) except New York. *After the customers made their purchases online, Hemi shipped the cigarettes to their various destinations.*") (emphasis added); NBA Properties, 46 F.4th at 625 ("describing HANWJH's act of filling NBA Properties' order as the unilateral act of the plaintiff is a mischaracterization. Here, *HANWJH shipped a product to the forum* only after it had structured its sales activity in such a manner as to invite orders from Illinois and developed the capacity to fill them."); Curry, 949 F.3d at 399 ("Revolution's own actions in establishing these commercial contacts with Illinois fairly can be described as purposeful. Preparing to engage in commercial activity, Revolution created an interactive website and explicitly provided that Illinois residents could purchase its products through that website. … After the sales, Revolution sent written confirmation to the Illinois customers acknowledging their sale and including their Illinois shipping address, and, finally, *Revolution shipped Diesel Test to its customers who were in Illinois.*") (emphasis added). These cases all make clear that, in order for an e-commerce website to satisfy the minimum contacts requirements, a defendant must go beyond creating a website structured to receive orders from forum residents that offered shipping to the forum, and then receive such an order of the accused product from a customer in the forum and knowingly accept and fulfill the order.

Here, unlike in NBA Properties, Curry, or Hemi, Appellants could not have foreseen that they would be haled into Illinois court, as Appellants did not "knowingly do business" with Illinois residents and never accepted an order from an Illinois resident or shipped the accused product to an Illinois resident after an order was placed on their interactive websites or elsewhere. (RA 3-4, 6-26, 47, 49-52); NBA Properties, 46 F.4th at 624 ("Here, unlike Matlin, we are faced with a situation

where an infringing product was *shipped* to Illinois…The defendants in <u>Matlin</u> could not have

foreseen that they would be haled into court in Illinois…[<u>NBA Properties</u> Defendant] knew it could

be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum.")

(emphasis added). In fact, Appellants never even received an order for the accused product from an

Illinois resident on their online storefronts that they could have, theoretically, accepted and fulfilled,

thus Appellants necessarily could not have "knowingly" done business with Illinois residents for any

suit-related products. The mere possibility of a future sale to an Illinois resident from Appellants'

storefronts, after the current suit was filed, is not enough to confer personal jurisdiction. <u>Matlin</u>, 921

F.3d at 707 (finding no personal jurisdiction where defendant's only sale of the relevant product to

the forum occurred after the suit was filed and noting that "*we cannot allow plaintiffs to base jurisdiction on

a contact that did not exist at the time they filed suit.*") (emphasis added); <u>be2 LLC</u>, 642 F.3d at 559 (holding

personal jurisdiction did not exist where there was no "evidence of any interactions between Ivanov

and the be2.net members with Illinois addresses"); <u>Rubik's Brand, Ltd</u>, 2021 WL 825668 at *4 ("So

far as the information presented to the Court establishes, no Illinois resident has ever purchased any

product (much less a Rubik's knock-off) from the Yoyoly website. Indeed, so far as the record

shows, no Illinoisan has ever even viewed the Yoyoly website with an eye to purchasing a product

offered there. *That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's

product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly.*") (emphasis

added); <u>Mercis, B.V. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated</u>

<u>Associations Identified on Schedule A Hereto</u>, 2024 WL 5440025 at *4 (N.D. Ill. Nov. 18, 2024)

("The fact that an online retailer stood ready to ship a product to the forum state, as shown by

screenshot evidence that an order had been placed, is not enough, if the order was never ultimately

paid for and shipped."); <u>MSM Design & Eng'g LLC v. Partnerships & Unincorporated Associations</u>

<u>Identified in Schedule "A"</u>, 2021 WL 3187706 at *3 (N.D. Ill. July 28, 2021) (finding no purposeful

direction where Defendant operated a fully interactive WISH.com storefront which gave defendant the "opportunity to sell to the lucrative U.S. marketplace" and distinguishing the case from <u>Hemi</u> and <u>Curry</u> because defendant "never shipped any product to this forum."); *see also,* <u>NexLearn, LLC v. Allen Interactions, Inc.</u>, 859 F.3d 1371 (Fed. Cir. 2017) (noting that a webstore's "willingness to enter future transactions with out-of-state residents does not, without more, show purposeful availment of each *State in which it would, but has not yet,* provided or even offered a sale" and finding no personal jurisdiction where defendant operated an interactive storefront that offered shipped of the accused product to the forum state where "a [forum] resident *could* purchase" the accused product, because there was no evidence that such a sale to the forum had taken place) (emphasis added); <u>Johnson v. Arden</u>, 614 F.3d 785, 797 (8th Cir. 2010) (declining "to confer personal jurisdiction based on only the possibility that a [forum] resident had contact with [Defendant] through [Defendant's interactive commercial website]" where there was no evidence in the record that Defendant engaged in any relevant transaction with a forum resident via the website); <u>Ackourey v. Sonellas Custom Tailors</u>, 573 F. App'x 208, 212 (3d Cir. 2014) (affirming motion to dismiss for lack of personal jurisdiction and noting that "[a]lthough Defendants' website may have informed potential customers in Pennsylvania of the possibility of appointments in the Commonwealth, there is no evidence Defendants received any web-based requests for appointments in Pennsylvania or transacted any business whatsoever with Pennsylvania residents via its website."); <u>Utz Quality Foods, LLC v. Dirty S. BBQ Co., LLC</u>, 2020 WL 4334903 at *3 (E.D. Pa. July 28, 2020) ("a likely possibility of sales via [Defendant]'s and third-party websites does not alone establish specific jurisdiction."); <u>Admar Int'l, Inc. v. Eastrock, L.L.C.</u>, 2020 WL 6880966 (W.D. La. Oct. 23, 2020), *report and recommendation adopted,* 2020 WL 6878346 (W.D. La. Nov. 23, 2020), *aff'd,* 18 F.4th 783 (5th Cir. 2021) ("Personal jurisdiction under Zippo, however, contemplates actual internet sales to forum residents, not the theoretical possibility of sales."); <u>Nelson v. L.A. Weaver Co.</u>, 2005 WL 8162752

(D. Minn. June 27, 2005), *report and recommendation adopted*, 2005 WL 8162751 (D. Minn. July 18, 2005) ("while the presence of a website is significant, the mere possibility of making sales is an insufficient basis for exerting personal jurisdiction."); Est. of Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d 514 (D. Md. 2003) ("Without evidence of actual sales made to Maryland residents, it would seem that the operation of a website that merely offers the possibility of transacting cannot be characterized as anything more than 'advertising and solicitation,' and thus is equally insufficient for jurisdictional purposes."); *C.f,* NBA Props., 46 F.4th at 625 (distinguishing Matlin and finding personal jurisdiction and noting that "[h]ere, unlike Matlin, we are faced with a situation where *an infringing product was shipped to Illinois, in advance of the litigation,* and the listing for sale and shipping of that product caused a likelihood of confusion for the people of Illinois.") (emphasis added). Appellants' e-commerce storefronts did not target Illinois residents any more than it targeted residents of any other state, and with zero actual sales or purposeful actions directed at Illinois, Appellants did not purposefully avail themselves of the jurisdiction of the state of Illinois and jurisdiction is improper.

### b. Appellee's alleged injury did not arise out of Appellant's activities in Illinois.

Likewise, Appellants have shown that none of Appellants' alleged injuries are related to Appellants' Illinois-specific actions. The Supreme Cort and the Seventh Circuit have noted that a party's contacts with the forum may "relate to" plaintiff's claims even in the absence of a "strict casual relationship" between the contacts and claims. B.D. by & through Myer v. Samsung SDI Co., 91 F.4th 856, 862 (7th Cir. 2024); Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351 (2021). However, the conduct and litigation must still be related and when "there is no such connection between the forum and the particular claims at issue, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Id. *citing,* Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255, 264 (2017).

As discussed *supra*, Appellants' e-commerce storefronts did not target Illinois residents any more than it targeted residents of any other state and Appellants did not sell a single accused product from their e-commerce storefronts into the forum. When analyzing specific personal jurisdiction, the "second element is crucial - and [a court] cannot simply aggregate all of a defendant's contacts with a state … as evidence of the constitutionally-required minimum contacts." Matlin, 921 F.3d at 706 (internal citations omitted). Rather, specific jurisdiction "must rest on the *litigation-specific* conduct of the defendant in the proposed forum state. The only sales that would be relevant are those that were related to [Defendant]'s allegedly unlawful activity." Advanced Tactical Ordnance Sys., 751 F.3d at 801; B.D. by & through Myer, 91 F.4th at 863 ([Plaintiff]'s contacts *selling batteries other than the [accused] model to utilities in Indiana are unrelated to the alleged injury. These contacts do not arise out of or relate to the underlying suit. So, they cannot sustain specific personal jurisdiction.*") (emphasis added); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 930 n. 6 (2011) ("even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *See*, Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2024 WL 4604532 at *5 (N.D. Ill. Oct. 29, 2024) (rejecting argument that court has personal jurisdiction over defendant e-commerce business where they only sold non-accused goods to Illinois, because defendant's minimum contacts must be "suit-related" and "sales of non-accused goods do not relate to the specific claims at issue."); Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co., 2024 WL 5039888 at *4 n.4 (N.D. Ill. Dec. 9, 2024) (rejecting argument that defendant's sales of other products from their e-commerce storefronts that were not alleged to have been infringing supports the exercise of personal jurisdiction); *see also* Johnson v. TheHuffingtonPost.com, Inc., 21 F.4th 314, 323 (5th Cir. 2021) (noting concern with exercising personal jurisdiction simply based on the maintenance of a website and noting that "[e]xercising jurisdiction over HuffPost would collapse the distinction between specific and general jurisdiction.

If marketing ads, merchandise, and ad-free experiences to all visitors can create jurisdiction over a website with respect to an unrelated libel claim, we can imagine few claims against a website that would fall beyond the reach of 'claim-specific' jurisdiction."). Appellants have shown that they did not sell or ship a single accused product to Illinois and there is no evidence on the record that showing that anyone in Illinois has even seen Appellants' accused product listing. Without any infringing Illinois sales or shipments in the current case, Appellee does not, and cannot allege, that its "injuries" are the result of a purchase transaction whereby the accused product might *possibly* have been sent to an address in Illinois. *See*, Rubik's Brand 2021 WL 825668 at *4.

### III. The default judgment is void because as a result of insufficient service of process.

Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed R. Civ. P. 4(c)(1). Only proper service vests a district court with personal jurisdiction over a defendant. Cardenas v. City of Chicago, 646 F. 3d 1001, 1005 (7th Cir. 2011). Actual knowledge of the existence of a lawsuit, alone, "is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991). A judgment is void if the defendant was not properly served with process. Relational, LLC v. Hodges, 627 F.3d 668 (7th Cir. 2010) ("a judgment is void as to any party who was not adequately served"), Higgason v. Autterson, 49 F. App'x 73 (7th Cir. 2002) ("Because service upon Autterson was never properly effected, the district court lacked personal jurisdiction over Autterson and therefore its default judgment against him was void. Moreover, the district court abused its discretion by denying Autterson's motion to vacate the default judgment.").

The law requires that once the party against whom a default judgment has been entered disputes service, the party asserting personal jurisdiction must prove service. Durukan Am., LLC v. Rain Trading, Inc., 787 F.3d 1161, 1163-64 (7th Cir. 2015). Under these circumstances, Appellee-Plaintiff has failed to prove service. On May 21, 2024, the district court granted Appellee's motion

for electronic service of process [Dkts. 18, 19], and Appellee's counsel certified that "On June 17, 2024, the undersigned served via email to the addresses provided by the platforms with a link that contains the Complaint, Summons, the Preliminary Injunction Motion and Notice, and all other court filings." (RA 2). Ordinarily, "[a] signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993), *citing*, Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955). Critically, however, in order for the presumption of service to apply and for a party to make a prima facie showing of valid service, "the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, *thereby providing enough detail so the opposing party knows what evidence he must rebut.*" Relational, LLC v. Hodges, 627 F.3d 668, 672 (7th Cir. 2010); O'Brien, 998 F.2d at 753 (suggesting a bare bones return of service lacking an address or receiving individual might be insufficient to discharge the prima facie showing of valid service).

Notably, in the current case, however, Appellee's counsel did not clarify the email addresses to which they sent the summons and complaint, but rather, only state that "On June 17, 2024, the undersigned served via email ***to the addresses provided by the platforms*** with a link that contains the Complaint, Summons, the Preliminary Injunction Motion and Notice, and all other court filings." (RA 02). Critically, this barebones return of service lacking what email addresses were served does not provide enough detail to Appellants to know what evidence they must rebut and what email addresses were purportedly served, and is insufficient to make a *prima facie* showing of valid service. Relational, LLC, 627 F.3d at 672 (party to make a prima facie showing of valid service, "the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, *thereby providing enough detail so the opposing party knows what evidence he must rebut.*") (emphasis added); Golub v. United States, 593 F. App'x 546, 549 (7th Cir. 2014) ("But the

certified-mail receipt for the Homeland Security officer contains no address or signature. Golub thus lacked a prima facie showing of service on that official-capacity defendant.").

The Northern District considered a nearly identical case in <u>Strabala v. Zhang</u>, 318 F.R.D. 81 (N.D. Ill. 2016), where that plaintiff served defendants by email and plaintiff submitted a return of service, nearly identical to that submitted by Appellee in the current case, which stated "[p]ursuant to this Court's Order of November 17, 2015, I served Defendants Qiao Zhang and Zhou Shimiao on that same day with the Complaint and Summons via Federal Express and personal email. I received no 'bounce back' or other notice of rejection of those emails to either Defendant." <u>Id.</u>, 318 F.R.D. at 116; *compare* (RA 02) ("On June 17, 2024, the undersigned served via email to the addresses provided by the platforms with a link that contains the Complaint, Summons, the Preliminary Injunction Motion and Notice, and all other court filings."). The district court ultimately ruled that plaintiff had not met their burden of establishing legally sufficient service of process "because of the fact that [plaintiff]'s return of service does not state the e-mail address to which she sent the summons and complaint." <u>Id</u>. at 117. Similarly, this Court should find that Appellee's barebones return of service does not satisfy their burden of showing legally sufficient service of process because it does "not state the e-mail address[es] to which [they] sent the summons and complaint" and vacate the default judgment as void for that reason alone. <u>Id</u>

Moreover, even if Appellee's barebones return of service met its burden of showing legally sufficient service, Appellants submitted an unrebutted affidavit stating that they never received service emails. (RA 4). Accordingly, the district court's assertion in the in its minute entry denying Appellants' motion to vacate the default judgment stating that "[Defendant-Appellants] offer no factual basis to revisit th[e] prior finding[]" that service was proper is erroneous and ignores the declaration submitted by Appellants showing that they never received Plaintiff's service emails. While an uncorroborated declaration is normally insufficient to overcome the presumption favoring

a valid return of service, given the circumstances, Appellants' declaration stating that they never received the service emails is sufficient to rebut any presumption of service and show the default judgment should be vacated as void. (RA 4).

As this Court has explained,

> "application of the presumption of service in cases like the one before us would actually undercut the burden-shifting scheme described in *O'Brien* since a blank return of service essentially cannot be rebutted. If an address or a receiving individual are specified on a return of service (as is normally the case), a movant may challenge service by demonstrating, for example, that the address was incorrect or the specified recipient did not deliver the summons to the movant. In such a situation the *O'Brien* presumption and burden-shifting scheme makes sense. The movant, after all, has the best access to information regarding her place of residence or living arrangement at the time of alleged delivery.
> However, if no address or receiving individual is specified on the return of service, a movant has little or no basis on which to challenge the alleged service of process, and the *O'Brien* presumption becomes quite arbitrary. Where an unelaborated return of service is countered by a similarly unelaborated denial that service occurred, there would seem to be little rational basis for crediting one party over the other."

Homer v. Jones-Bey, 415 F.3d 748, 753 (7th Cir. 2005).

"The affidavit of the party asserting personal jurisdiction is presumed true only until it is disputed." Durukan Am., 787 F.3d at 1163. Here, the return of service simply stated that "the undersigned served via email *to the addresses provided by the platforms*," however Appellants produced a declaration that denied ever receiving service emails from Appellee. (RA 2, 4). Critically, however, because the return of service did not give the email addresses to which the summons and complaint were sent, Appellants were necessarily unable to provide exact evidence as to why the emails were not received (i.e., a wrong email address was used, there were typos in the email address, etc.). However, this Court has noted, "[w]here an unelaborated return of service is countered by a similarly unelaborated denial that service occurred, there would seem to be little rational basis for crediting one party over the other," thus this Court should not accept Appellants barebones return of service as *prima facie* evidence of valid service, and accept Appellants' affidavit denying service emails were ever received as sufficient evidence to rebut Appellee's return of service. Homer, 415

F.3d at 753. Once service is disputed, the party asserting personal jurisdiction and proper service –
in this case Appellee - "must prove what it has alleged," which Appellee failed to do in the current
case. Durukan Am., 787 F.3d at 1163-64. Despite being given the opportunity to file a reply to
Appellants' motion to vacate the default judgment, and the District Court specifically ordering
Plaintiff-Appellee to respond to the motion to vacate and threatening to grant Appellants' motion to
vacate the default judgment if Appellee failed to respond, Appellee failed to file a response or
provide any additional information to Appellants as to what email addresses were served or any
evidence showing that emails were sent to Appellees. [Dkt. 79] ("On 1/13/25, this Court ordered
Plaintiff to respond to Certain Defendants' motion to vacate, see 78 . Plaintiff failed to comply. If
Plaintiff fails to respond by 4/4/25, the Court will grant Defendant's motion 75 and vacate the
judgment as to the moving Defendants.").

Appellants, through no fault of their own, were necessarily unable to provide strong and
convincing evidence as to why service was not received as Appellants did not know which emails
service was purportedly sent to, however Appellants should not be punished for this, as this failure
was the result of Appellee's failure to provide sufficient information in the return of service or in a
response. Indeed, Appellee's complete failure to provide additional information or comply with the
Court order ordering Appellee to reply to Appellants' motion and Appellee's reliance on the
incomplete, barebones return of service submitted in the current case "would actually help [Appellee
as] the beneficiary of [the] default judgment *more* than a complete one, since a vague or blank return
effectively cannot be rebutted" which would lead to a "perverse result, not least because generally it
is the plaintiff who ordinarily bears the burden of demonstrating that the district court had personal
jurisdiction over the parties, including valid service of process." Homer, 415 F.3d at 753. Given the
deficiencies in Appellee's return of service, this Court should "either rule that [Plaintiff-Appellee]
has not carries [its] burden of proving that [Defendants-Appellants] have been properly served (and

grant [Appellants'] motion [to vacate the default judgement] outright), or, at a minimum "vacate the district court's denial of [Appellants'] Rule 60(b) motion and remand the case for further inquiry as to the factual circumstances and legal validity … of the alleged service." Id. at 757.

Moreover, even in the event that this Court finds that Plaintiff's return of service was proper and constituted *prima facie* evidence of valid service (despite not including the e-mail addresses that were served) that was not overcome by Appellants declaration alone, Appellants have presented strong and convincing evidence, based on the limited information available to them, showing that Appellants were never properly served. Particularly, Appellants submitted affidavits stating that they did not receive any email or service emails from Appellee. (RA 4). While an uncorroborated declaration is normally insufficient to overcome the presumption favoring a valid return of service, Appellants also included other evidence which strongly supports their assertion that they did not receive any service emails from Appellee in this case. Critically, Appellants were not initially named as Defendants in the "Schedule A" list of Defendants in the current case, but rather, the Joybuy Marketplace Walmart.com seller account was listed as the Defendants and listed Walmart as the "Platform". *See* [Dkt. 1-1 Def Nos. 268, 269, 272, 273, 279, 288, 289, 293, 295, 296, 298, 301, 338, 339, 340]. Moreover, Appellants were not named as Defendants in the "Schedule A" list of defendants included in the TRO, but rather the defendant name was inputted as "RESERVED." [Dkt. 19 Def Nos. 268, 269, 272, 273, 279, 288, 289, 293, 295, 296, 298, 301, 338, 339, 340].

The present facts create a unique circumstance because Joybuy is an intermediary platform that allows many individual sellers to make product listings through the Joybuy platform, and the Joybuy Walmart.com seller account adds these product listings made by the individual sellers on the Joybuy platform to their Joybuy Marketplace's Walmart.com account. *See* MD, LLC v. Partnerships & Unincorporated Associations Identified in Schedule "A", 2024 WL 3549571 at *2 (N.D. Ill. June 14, 2024) (referring to Joybuy as an "online marketplace platform[]" with Alibaba, Amazon, eBay,

etc.); <u>Norrell v. Does 1-133</u>, 2023 WL 6892026 at *1 (W.D. Tex. Oct. 19, 2023) (referring to Joybuy as an "ecommerce platform provider[]" with "Alibaba, AliExpress, Amazon, eBay, … Walmart, Wish, etc."); <u>Broadway Pine Brands LLC v. oatslikeme</u>, 2023 WL 9067377 at *3 (W.D. Pa. Oct. 11, 2023) (referring to Joybuy Marketplace as a marketplace platform). Following, the Walmart platform would have only disclosed the email for the Walmart Defendants listed in the Schedule A, and would thus have only included the email associated with the Joybuy Marketplace Walmart.com account, and *not* emails of the individual sellers, including Appellants, who sold products through the Joybuy Marketplace Walmart.com seller account. Notably, however, the email for the Joybuy Marketplace Walmart.com seller account is not Appellants' email addresses, and Appellants have declared that they did not have access to the email account associated with the Joybuy Marketplace Walmart.com seller account. (RA 4). Accordingly, alternative service using the singular email addresses provided by Walmart.com for the Joybuy Marketplace Walmart storefront would be completely inappropriate.

Rather, to properly serve Appellants, who were individual sellers on the Joybuy Platform, Appellee would have needed to seek expedited discovery from the Joybuy Marketplace itself to identify the email information of each individual seller who sold the allegedly-infringing product through the Joybuy Marketplace platform on Joybuy Walmart.com seller account. Critically, however, despite having the opportunity to do so, Appellee provided zero indication that they ever received Appellants' email addresses from the Joybuy Marketplace or served those emails, but rather, the evidence strongly suggests that Appellee only served the email single e-mail address for the Joybuy Marketplace Walmart.com seller account which would have been provided by Walmart in expedited discovery (however, due to Plaintiff-Appellee's failure to provide sufficient information on the e-mail addresses served in the return of service and failure to offer more information in the

Court ordered reply, Appellant's cannot state with absolute certainty as to whether these email addresses were obtained by Appellee).

Accordingly, based on the information available to Appellants', Appellants have shown that Appellee failed to effect service of process as provided under the TRO and as Plaintiff certified, thus the default judgment is void as to Appellants. United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir. 1995) (Under the typical formulation, a judgment is void for purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") (internal citations omitted); See, KTM AG v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, 21-cv-02732 [Dkt. 82] (N.D. Ill. Mar. 9, 2022) (vacating default judgment and dismissing defendant from the case where Plaintiff failed to effect service of process as provided under the TRO). Moreover, the default judgment is void because Appellee's method of service did not satisfy the due process requirements of Rule 4(f)(3), which requires that the method of service be "reasonably calculated, under all of the circumstances, to apprise the [Joybuy] Defendants of the pendency of this action and afford them an opportunity to present objections." MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., 2008 WL 5100414 at *2 (N.D. Ill. Dec. 1, 2008). It should go without saying that service on the email account associated with the Joybuy Marketplace Walmart.com seller account, which Appellants do not have access to, was not reasonably calculated to apprise Appellants of the pendency of this action, thus service was improper and the default judgment entered against Appellants is void and should be vacated. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process…is fundamental to any procedural imposition on a named defendant. In the absence of service of process…a court ordinarily may not exercise power over a party the complaint names as defendant"); Homer, 415 F.3d at 753, *citing*, United States v. Indoor

<u>Cultivation Equipment From High Tech Indoor Garden Supply</u>, 55 F.3d 1311, 1317 (7th Cir.1995) ("If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)."). Accordingly, this Court should vacate the district court's denial of Appellants'-Defendants' motion to vacate the default judgment since it is void for improper service.

## <u>Conclusion</u>

For the foregoing reasons, Appellants respectfully request that this Court reverse the district court's denial of Appellants' motion to vacate the default and default judgment.

Dated this August 21, 2025

Respectfully Submitted,

<u>/s/ Adam E. Urbanczyk</u>
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants - Appellants*

## Certificate of Compliance with Cir. R. 30(d)

I hereby certify that all of the materials required by parts (a) and (b) of Circuit Rule 30 have been included to the best of my knowledge.

Dated this August 21, 2025

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants - Appellants*

## Certificate of Compliance with Fed. R. App. P. 32(g)(1)

1. This document complies with the type-volume limit of Fed. R. App. P. 32(g)(1), the word limit of Fed. R. App. P. 32(a)(7) and Cir. R. 32(c), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains **9,101** words according to Microsoft Word's proofing tool.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6), in light of Cir. R. 32(b), because: this document has been prepared in a proportionally spaced typeface using 12-pt Garamond.

Dated this August 21, 2025

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants - Appellants*

**<u>Certificate of Service</u>**

The undersigned hereby certifies that the foregoing Brief of Defendants-Appellants and the annexed Short Appendix, and Additional Appendix, have been filed in the Office of the Clerk for the United States Court of Appeals for the Seventh Circuit, in electronic form on August 21, 2025. I further certify that a copy of the foregoing will be served on known counsel for Plaintiff-Appellee via email on August 21, 2025.

<u>/s/ Adam E. Urbanczyk</u>

## Table of Contents to the Short Appendix

**1.** Minute Entry denying Appellants' motion to vacate the default judgment [Dkt.81] (RA65-66).

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

LIU YINNV

          Plaintiff,

v.                Case No.:
                1:24−cv−02982
                Honorable John
                Robert Blakey

The Entities and Individuals Identified in Schedule
A, et al.

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 21, 2025:

  MINUTE entry before the Honorable John Robert Blakey: On 8/7/24, this Court entered a default judgment order as to all defaulting defendants, see [67], [68]. On 1/6/25, certain Defendants Shenzhen Huiyameisi Trading Co. (designated as Defendant No. 268, as well as Nos. 269, 279, 293, 295, 296, 298, 301); Shenzhen Liping E−commerce Co., Ltd. (designated as Defendant No. 272, as well as No. 273); Shenzhen Wenhui International Logistics Co., Ltd. (designated as Defendant No. 288, as well as Nos. 289, 338, 339, 340moved to vacate that judgment, see [75]. "To vacate a default judgment, the movant must demonstrate good cause for the default, quick action to correct it, and a meritorious case." Trade Well Int'l v. United Cent. Bank, 825 F.3d 854, 86061 (7th Cir. 2016). "The burden of proof rests on the party moving to vacate the judgment." Id. Here, Defendants waited five months before challenging the default and, even in their motion, fail to explain their delay. Defendants argue that this Court lacked personal jurisdiction, but this Court previously held otherwise, finding personal jurisdiction based upon Defendants' maintenance of interactive websites and sales to customers within the State of Illinois, see [19] at 1−2; [9−7] at 52−58, 68−74, 96−98, 132−38, 152−54, 160−66, 172−74, 184−86, 331−42, and finding that electronic service of process sufficed, [19] at 7−8. Defendants offer no factual basis to revisit those prior findings. As a result, based upon the record here, the Court lacks a basis to vacate the default judgment and accordingly denies Defendants' motion, [75]. The case remains closed. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.